# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TRAXXAS, L.P., § § *Plaintiff,* § § v. § § MACLAN RACING, § § *Defendant.* § | Civil Action No. 2:20-CV-181 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION, AND UNJUST ENRICHMENT

COMES NOW Plaintiff Traxxas, L.P. and files this Complaint for Trademark Infringement, Unfair Competition, Dilution, and Unjust Enrichment against Defendant Maclan Racing, alleging as follows:

### I.  NATURE OF THE SUIT

1.  This is a claim in which Plaintiff seeks injunctive and monetary relief for trademark infringement, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; for trademark dilution arising under Texas Business and Commerce Code § 16.103; and for trademark infringement, unfair competition, and unjust enrichment arising under Texas common law.

### II.  THE PARTIES

2.  Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3. Defendant **Maclan Racing** purports to be a Washington limited liability company having a principal place of business in the State of Washington.

### III.   JURISDICTION AND VENUE

4. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over the federal trademark infringement, dilution, and unfair competition claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark dilution, trademark infringement, unfair competition, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, dilution, and unfair competition claims.

6. This Court has specific personal jurisdiction over Defendant as to these claims pursuant to due process and the Texas Long Arm Statute because these claims arise from Defendant's acts or omissions (directly or through intermediaries) in this judicial District, including but not limited to sales or offers to sell the Accused Products to persons in this District and/or purposefully and voluntarily placing the Accused Products into the stream of commerce with the expectation that those Accused Products will be purchased by consumers in Texas and in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above.  Furthermore, venue is proper because Defendant, directly or through intermediaries, sells and offers to sell its Accused Products to persons in this District, as discussed below.  Each of Defendant's acts complained of herein occurring in this District gives rise to proper venue.

## IV.     BACKGROUND

A.     **Traxxas and Its Trademarks**

8.     The business Traxxas operates was started in 1986.  Since that time, Traxxas has grown to become the number-one seller of Ready-to-Run nitro and electric model vehicles in the United States.

9.     In 1999, Traxxas launched the T-MAXX, the first nitro radio-controlled model vehicle with a true forward/reverse transmission.

10.     Since at least December 23, 1999, Traxxas has continuously used the standard characters "T-MAXX" (the "T-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

11.     On November 7, 2006, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,169,710 (the "T-MAXX Registration"), which comprises the standard characters "T-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the T-MAXX Registration (as updated December 19, 2017) is attached hereto as Exhibit 1.

12.     Traxxas' right to use its T-MAXX Mark has become incontestable.

13.     In addition to the T-MAXX Registration, the USPTO has issued to Traxxas U.S. Trademark Registration No. 5,277,913, which comprises stylized characters "T-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

14.     Since at least December 1999, Traxxas has continuously used the standard characters "MAXX" (the "MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

15. On January 2, 2007, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,191,106 (the "MAXX Registration"), which comprises the standard characters "MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the MAXX Registration (as updated January 16, 2018) is attached hereto as Exhibit 2.

16. Traxxas' right to use its MAXX Mark has become incontestable.

17. In addition to the MAXX Registration, Traxxas has also filed with the USPTO pending U.S. Trademark Application No. 88/211,966, which comprises the standard characters "MAXX" as applied to batteries and battery chargers in International Class 009.

18. Since at least December 4, 2000, Traxxas has continuously used the standard characters "E-MAXX" (the "E-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

19. On May 12, 2009, the USPTO duly and legally issued United States Trademark Registration No. 3,619,270 (the "E-MAXX Registration"), which comprises the standard characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the E-MAXX Registration (which was assigned to Traxxas effective October 1, 2015) is attached hereto as Exhibit 3.

20. Traxxas' right to use its E-MAXX Mark has become incontestable.

21. In addition to the E-MAXX Registration, the USPTO has issued to Traxxas U.S. Trademark Registration No. 5,277,914, which comprises stylized characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

22. Since at least July 17, 2009, Traxxas has continuously used the typeset words "MINI MAXX" (the "MINI MAXX Mark") in interstate commerce to identify, advertise, and promote its parts for radio-controlled model vehicles to the consuming public.

23. On October 13, 2009, the USPTO duly and legally issued United States Trademark Registration No. 3,697,101 (the "MINI MAXX Registration"), which comprised the typeset words "MINI MAXX" as applied to radio controlled scale model vehicles equipped with an electric motor or an internal combustion engine, and a wireless control signal receiver mounted on the vehicle enabling remote control of vehicle speed and steering, and parts therefor in International Class 028.

24. On January 9, 2018, the MINI MAXX Registration was duly and legally amended to comprise the typeset words "MINI MAXX" as applied to parts for radio controlled scale model vehicles, namely, electric motors in International Class 028.  A true and correct copy of the MINI MAXX Registration (reflecting its assignment to Traxxas effective June 30, 2003) is attached hereto as Exhibit 4.

25. Traxxas' right to use its MINI MAXX Mark has become incontestable.

26. Since at least November 20, 2015, Traxxas has continuously used the standard characters "X-MAXX" (the "X-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

27. On December 27, 2016, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 5,110,758 (the "X-MAXX Registration"), which comprises the standard characters "X-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the X-MAXX Registration is attached hereto as Exhibit 5.

28.     Since at least November 20, 2015, Traxxas has continuously used the standard characters "XMAXX" (the "XMAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

29.     On December 27, 2016, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 5,110,764 (the "XMAXX Registration"), which comprises the standard characters "XMAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the XMAXX Registration is attached hereto as Exhibit 6.

30.     In addition to the XMAXX Registration, the USPTO has issued to Traxxas two other trademark registrations comprising the stylized characters "XMAXX":

   a.   U.S. Trademark Registration No. 5,110,765, which comprises stylized characters "XMAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028; and

   b.   U.S. Trademark Registration No. 5,110,766, which comprises stylized characters "XMAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

31.     In addition to the above-referenced USPTO registrations, Traxxas has registered each of the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the X-MAXX Mark, and the XMAXX Mark internationally.

32.     Traxxas has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its radio-controlled model vehicles and parts therefor bearing each of the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the

MINI MAXX Mark, the X-MAXX Mark, and the XMAXX Mark (collectively, the "Traxxas Marks").

33. As a result of Traxxas' long use and substantial advertising and promotion of each of the Traxxas Marks, each Traxxas Mark has become distinctive and widely known to consumers to designate Traxxas as the source of products bearing each Traxxas Mark, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products. The Traxxas Marks are widely recognized by consumers as being associated with Traxxas' high-quality goods. As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates the Traxxas Marks with Traxxas.

34. As a result of Traxxas' long use and substantial advertising and promotion of each of the Traxxas Marks in Texas and elsewhere, Traxxas has acquired valuable common law rights in each of the Traxxas Marks, including but not limited to the goodwill and reputation of Traxxas, Traxxas' products, and each of the Traxxas Marks.

35. The Traxxas Marks are famous and distinctive under 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

**B.     Defendant and Its Products**

36. Defendant, directly or through intermediaries, sells, offers for sale, distributes, or advertises certain radio-controlled model vehicle parts, including but not limited to the "MMax 8 200A Competition ESC," the "MMax Pro 160A Competition ESC," the "MMax Pico 100A Competition ESC," and parts for each such electronic speed controller ("ESC"), under the name "MMAX" (the "MMAX Mark").

37. Defendant, directly or through intermediaries, sells, offers for sale, distributes, and advertises the Accused Products in direct competition with products of Traxxas and of Traxxas' authorized retailers.

38. Defendant, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in Texas and in this judicial District.

39. The Accused Products are purchased by consumers in Texas and in this judicial District.

## V.   CLAIMS

**A.   Federal Trademark Infringement**

40. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

41. Defendant is using in commerce the MMAX Mark in connection with the Accused Products.

42. The MMAX Mark as applied to the Accused Products is a colorable imitation of each Traxxas Mark, individually or collectively.

43. Defendant is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to make, sell, offer for sale, distribute, or advertise any Traxxas products or any products bearing any Traxxas Mark or any confusingly similar marks.

44. Defendant's unauthorized use of the MMAX Mark in connection with the Accused Products is likely to cause confusion, or to cause mistake, or to deceive customers and potential customers of the parties, or associates of such customers and potential customers, at least as to

some affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

45. Defendant's acts complained of herein constitute infringement of Traxxas' federally registered Traxxas Marks in violation of 15 U.S.C. § 1114(1)(a) and (b).

46. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than either Defendant's profits or Traxxas' actual damages from Defendant's wrongful acts, whichever amount is greater.

47. Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**B.     Federal Unfair Competition**

48. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

49. Defendant's unauthorized use in commerce of the MMAX Mark in connection with the Accused Products falsely designates the origin of the Accused Products, or otherwise falsely or misleadingly describes or represents facts, which is likely to cause confusion, or to cause mistake, or to deceive customers and potential customers of the parties, or associates of such customers and potential customers, at least as to some affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

50. Defendant's unauthorized use in commerce of the MMAX Mark in connection with the Accused Products enables Defendant to trade on and receive the benefit of the goodwill and reputation built up at great labor and expense by Traxxas over many years, and to gain acceptance

for the Accused Products not solely on their own merits, but on the reputation and goodwill of Traxxas, Traxxas' products, and each of the Traxxas Marks.

51. Defendant's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

52. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than either Defendant's profits or Traxxas' actual damages from Defendant's wrongful acts, whichever amount is greater.

53. Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**C.    Federal Trademark Dilution**

54. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

55. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after Traxxas began using in commerce each of the Traxxas Marks.

56. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after Traxxas obtained federal trademark registrations for each of the Traxxas Marks.

57. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after one or more of the Traxxas Marks became famous and distinctive.

58. Defendant's unauthorized use in commerce of the MMAX Mark in connection with the Accused Products removes from Traxxas the ability to control the nature and quality of products provided under each of the Traxxas Marks and places the valuable goodwill and reputation of Traxxas, Traxxas' products, and each of the Traxxas Marks in the hands of Defendant, over whom Traxxas has no control.

59. Defendant's unauthorized use in commerce of the MMAX Mark in connection with the Accused Products is likely to cause dilution by blurring or dilution by tarnishment of each of the famous and distinctive Traxxas Marks.

60. Defendant's acts complained of herein constitute dilution of each of Traxxas' famous and distinctive Traxxas Marks in violation of 15 U.S.C. § 1125(c).

61. Unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**D.    Texas Trademark Dilution**

62. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

63. Defendant's acts complained of herein constitute dilution of each of Traxxas' famous and distinctive Traxxas Marks in violation of Texas Business and Commerce Code § 16.103.

**E.    Texas Trademark Infringement**

64. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

65. Defendant's acts complained of herein constitute trademark infringement in violation of Texas state common law.

**F.    Texas Unfair Competition**

66. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

67. Defendant's acts complained of herein constitute unfair competition in violation of Texas state common law.

**G.    Texas Unjust Enrichment**

68. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

69. Defendant's acts complained of herein unjustly enrich Defendant at Traxxas' expense because Defendant, through its acts complained of herein, has obtained and continues to obtain a benefit from Traxxas by taking unfair advantage of the goodwill and reputation of Traxxas, Traxxas' products, and each of the Traxxas Marks.

70. Specifically, Defendant has taken unfair advantage of Traxxas by trading on and profiting from the goodwill and reputation of each of the Traxxas Marks, all of which were developed and are owned by Traxxas, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and products.

71. Defendant's acts complained of herein constitute unjust enrichment of Defendant at Traxxas' expense in violation of Texas state common law.

## VI.    DAMAGES

72. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

73. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial.

## VII.   PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a. A judgment in favor of Traxxas that Defendant has infringed each of the Traxxas Marks under federal and Texas state law, as described herein;

b. A judgment in favor of Traxxas that Defendant has unfairly competed with Traxxas under federal and Texas state law, as described herein;

c. A judgment in favor of Traxxas that Defendant has diluted each of Traxxas' famous and distinctive Traxxas Marks under federal and Texas state law, as described herein;

d. A judgment in favor of Traxxas that Defendant has been unjustly enriched at Traxxas' expense under Texas state law, as described herein;

e. A permanent injunction:

(1) enjoining Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using any Traxxas Mark or any other mark or design that is confusingly similar to or likely to cause dilution of any Traxxas Mark (including but not limited to the MMAX Mark), and from any attempt to retain any part of the goodwill and reputation misappropriated from Traxxas;

(2) requiring Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all Accused Products, as well

as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using any Traxxas Mark or any other mark or design that is confusingly similar to or likely to cause dilution of any Traxxas Mark (including but not limited to the MMAX Mark); and

(3) requiring Defendant to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Defendant of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

f. A judgment and order directing an accounting to determine Defendant's profits resulting from the activities complained of herein, including Defendant's profits from any continuing post-verdict or post-judgment activities, and that such profits, or, alternatively, Traxxas' actual damages, be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

g. A judgment and order requiring Defendant to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest; and

h. Such other and further relief as the Court deems just and proper.

## VIII.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated: June 5, 2020

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*